UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

AMERICAN TALENT AGENCY INC.,

               Plaintiff,          06 Civ. 11415

  -against-                     OPINION

JOE FLECTCHER PRESENTS and
JOE FLETCHER, Individually,

               Defendants.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    LAW FIRM OF IRA SCOT MEYEROWITZ
    347 Fifth Avenue, Suite 1300
    New York, NY 10016
    By: Ira Scot Meyerowitz, Esq.



    Attorneys for Defendants

    HENRY R. KAUFMAN, P.C.
    60 East 42nd Street, 47th Floor
    New York, NY 10165
    By: Henry R. Kaufman, Esq.

**Sweet, D.J.**

Defendants Joe Fletcher Presents ("JFP") and Joe Fletcher ("Fletcher" or, collectively, the "Defendants") have moved pursuant to Rule 56, Fed. R. Civ. P., for summary judgment dismissing the complaint of plaintiff American Talent Agency, Inc. ("ATA" or the "Plaintiff") alleging a contract between the parties to split commissions for booking musical acts. As set forth below, the motion for summary judgment is denied as to the First through Sixth Causes of Action and is granted as to the Seventh through Twelfth Causes of Action.

**Prior Proceedings**

ATA filed its complaint on October 27, 2006, alleging that Defendants breached an agreement to share commissions with respect to a music festival taking place in Lagos, Nigeria on or about October 7 and 8, 2006 (the "ThisDay Festival"). The complaint asserts causes of action for breach of contract (First and Fourth Causes of Action), unjust enrichment (Second and Fifth Causes of Action), and conversion (Third and Sixth Causes of Action). The Seventh through Twelfth Causes of Action repeat these claims with respect to an agreement of indefinite term relating to the booking of acts in addition to those at the

1

ThisDay Festival "between April 2006 through the present." Compl. ¶¶ 47, 63. Defendants answered the complaint, denying its allegations and asserting the affirmative defenses that the amount in controversy fails to meet the threshold for this Court's jurisdiction, and that ATA's claims are barred by the Statute of Frauds. Defendants also asserted three counterclaims.

No discovery has taken place.

The instant motion was heard and marked fully submitted on April 9, 2008.

**The Facts**

The facts set forth below are contained in the Defendants' Local Rule 56.1 Statement ("Defs.' 56.1") and the Plaintiff's Rule 56.1 Response and Counterclaim ("Pl.'s Resp."), and any disputes are noted.

ATA is a New York corporation with its principal place of business at 173 Main Street, Ossining, New York.

2

Defendant Fletcher is an individual residing, during the relevant period, at 18 Mendums Landing Road, Barrington, New Hampshire.

JFP is a domestic corporation duly authorized to transact business within the State of New York with its principal place of business, during the relevant period, located at 18 Mendums Landing Road, Barrington, New Hampshire.

ATA is a booking agency that procures performing artists for concerts, festivals and personal appearances. ATA alleges that it met on two separate occasions with Nduka Obeigbeana, the President of the "ThisDay Newspaper," and reached an agreement to put together an urban music festival in Lagos, Nigeria to be called the "ThisDay Festival".

According to ATA, it began discussions of a joint venture or business partnership with Fletcher in early 2006. ATA alleges that on or about April 2006, it entered into an oral contract with Fletcher and JFP to split—allegedly 50/50 and on an ongoing basis—commissions earned on bookings for musical performances, including but not limited to those booked at the ThisDay Festival. The existence and terms of this agreement are in dispute. ATA tendered a written contract that would have

governed this alleged agreement, but Fletcher neither agreed to nor executed the proposed contract.

According to ATA, introductions were made with respect to the ThisDay Festival, emails were exchanged, and a dispute arose concerning commissions for performers booked.

Defendants booked five acts that appeared at the ThisDay Festival. Although Defendants' total receipts for the five acts were $2,775,000, Defendants received only $250,000 in commissions from the ThisDay Festival, based on an agreement with the concert organizers to cap their fees at that amount rather than take the full ten percent commission. Defendants also paid a portion of their commission ($72,500) to an unrelated agent.

ATA booked two acts that appeared at the ThisDay Festival and received payments totaling $300,000, in addition to a commission of $30,000 on separate receipts from the festival.

Defendants have not paid any portion of their commissions to ATA. According to Defendants, ATA has not paid any share of its ThisDay profits, or any other commissions, to Defendants, including a 50 percent share of its profits on a

4

concert booking involving the singer Alicia Keys that occurred shortly before the alleged contract was proposed. ATA asserts that it paid Defendants what they were owed regarding the booking of Alicia Keys.

**The Summary Judgment Standard**

In deciding a motion for summary judgment, a court shall render judgment "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). A material fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 57 (2d Cir. 1997).

The moving party has the initial burden of showing that there are no material facts in dispute, Adickes v. S.H.

5

Kress & Co., 398 U.S. 144, 157 (1970), and can discharge this burden by demonstrating that there is an absence of evidence to support the nonmoving party's case, Celotex, 477 U.S. at 325. The nonmoving party then must come forward with "specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), as to every element "essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

The Court "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion." Eastway Constr. Corp. v. New York, 762 F.2d 243, 249 (2d Cir. 1985). However, the Court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. If there is not, summary judgment is proper. See id. at 249-50.

**The Seventh Through Twelfth Causes Of Action Are Dismissed**

The Seventh through Twelfth Causes of Action allege an oral agreement of indefinite term. The submission of ATA on this motion alleges an agreement to terminate at will, however, the complaint is the subject of the Defendants' motion, and the

6

Court will consider the Plaintiff's allegations as characterized therein.

As it is undisputed here that there is no written agreement, Defendants contend that ATA's claims are barred by the New York Statute of Frauds, N.Y. Gen. Oblig. Law § 5-701(a)(1), which reads, in relevant part: "Every agreement, promise, or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . [b]y its terms is not to be performed within one year from the making thereof or the performance of which is not to completed before the end of a lifetime . . . ." This provision has been narrowly construed as applying only to those contracts with no possibility of full performance within one year. Marini v. D'Apolito, 557 N.Y.S.2d 45, 46 (App. Div. 1990).

Defendants have acknowledged that one of the concerts for which ATA has claimed an entitlement to half of Defendants' commissions did in fact take place within one year after ATA alleges the contract was formed and do not dispute that as long as an agreement "may be fairly and reasonably interpreted such that it may be performed within a year, the Statute of Frauds

7

will not act as a bar, however unexpected, unlikely or even improbably that such performance will occur during that time frame." Cron v. Hargo Fabrics, 91 N.Y.2d 362, 366 (1998) (internal quotation marks and citations omitted).

However, the last six causes of action in the complaint are not limited to this single event, as ATA alleges that it is entitled to half of Defendants' commissions for any bookings that occurred "between April 2006 through the present and during the term of the agreement." Compl. ¶¶ 47, 63. Thus, although the first six enumerated causes of action address the ThisDay Festival held in October 2006, the remaining six causes of action claim entitlement to a share of Defendants' commissions on other, unnamed events for an indefinite term. It is the allegation of this ongoing liability without any provision for termination aside from breach that brings this alleged agreement within the Statute of Frauds, as "'termination of an agreement as a result of its breach is not performance thereof within the meaning of the Statute of Frauds, and an oral agreement which by its own terms must continue for more than a year unless terminated by its breach is void.'" Holloway v. King, 361 F. Supp. 2d 351, 358 (S.D.N.Y. 2005) (quoting D&N Boening, Inc. v. Kirsch Beverages, Inc., 63 N.Y.2d 449, 457 (1984)); see also North Shore Bottling Co., Inc. v. Schmidt, 22

N.Y.2d 171, 176 n.2 (1968) ("'The existence of a power to terminate the duty of further performance,' . . . 'does not take a case out of the statute, if the exercise of the power is itself a breach of the contract.'") (quoting 2 Corbin on Contracts 564 (1950)).

ATA's reliance on Nat Nal Stations v. Wolf, 304 N.Y. 332, 337 (1952), is unavailing. In Nat Nal, the New York Court of Appeals explained that each transaction between the plaintiff and the defendants in that case was essentially a separate contract. The court emphasized that the parties "retained the power to bargain fully concerning [future order] terms. Thus defendants were free at any and all times to discontinue payment of a discount either by refusing to accept an order or by notification to plaintiff that thenceforth no discounts would be paid." Id. at 337 (internal quotation marks and citation omitted). In fact, in distinguishing Martocci v. Greater New York Brewery, Inc., 301 N.Y. 57 (1950), and Cohen v. Bartgis Bros. Co., 35 N.Y.S.2d 206 (App. Div. 1942), two decisions in which the Statute of Frauds was applied to alleged commission agreements, the court explained that, unlike in Nat Nal, "[i]n both those cases the allegations in the complaints set forth contracts binding upon the parties for indefinite periods of time. In neither case was any party given the right to

terminate the contractual relationship." Nat Nal, 304 N.Y. at 337.

Similarly, here, the last six causes of action in the complaint do not allege merely a single, discrete project, or even a series of discrete projects, each of which might be completed within one year, but, rather, an agreement to work together "for a variety of events," Compl. ¶ 10, extending for an indefinite period of time, with no provision for termination by either party.

ATA asserts in its opposition to the instant motion that "each party could terminate the relationship at will, whenever we wanted." Aff. of Peter Seitz ¶¶ 26-27. However, this newly introduced claim that Defendants were free to terminate cannot be reconciled with the complaint, where half of the causes of action assert Plaintiff's right to receive commissions for other acts booked by Defendants "through [the date of the complaint] and during the term of the agreement," Compl. ¶¶ 47, 63, notwithstanding the fact that Defendants had advised ATA in August 2006 that ATA was "done doing business." Aff. of Henry R. Kaufman, Ex. A at 14. Similarly, although ATA now contends that the alleged agreement was fully performed within one year, that contention is flatly inconsistent with the

10

allegations in the complaint regarding acts booked by Defendants through the commencement of this litigation.

In asserting that the parties' alleged agreement was terminable at will, ATA contends that the alleged oral contract constituted a joint venture agreement. A joint venture of indefinite duration is considered terminable at will and, therefore, falls outside the Statute of Frauds. See Alnwick v. European Micro Holdings, Inc., 281 F. Supp. 2d 629, 644-45 (E.D.N.Y. 2003).

Under New York law, "The indicia of the existence of a joint venture are: acts manifesting the intent of the parties to be associated as joint venturers, mutual contribution to the joint undertaking through a combination of property, financial resources, effort, skill or knowledge, a measure of joint proprietorship and control over the enterprise, and a provision for the sharing of profits and losses." Brown v. Cara, 420 F.3d 148, 159-160 (2d Cir. 2005) (quoting Richbell Information Servs., Inc. v. Jupiter Partners, L.P., 765 N.Y.S.2d 575, 584 (App. Div. 2003)). All of these elements must be present in order for a joint venture to have been formed. Kidz Cloz, Inc. v. Officially for Kids, Inc., 320 F. Supp. 2d 164, 171 (S.D.N.Y. 2004) ("The absence of any one factor is fatal to the

establishment of a joint venture.") (internal quotation marks and citation omitted). Therefore, a plaintiff seeking to establish a joint venture must prove "more than a simple contractual relationship," and it is "insufficient for a [p]laintiff to allege mere joint ownership, a community of interest, or a joint interest in profitability." Zeising v. Kelly, 152 F. Supp. 2d 335, 347 (S.D.N.Y. 2001) (citations omitted); see also Steinbeck v. Gerosa, 4 N.Y.2d 302, 317 (1958) ("[I]t is not enough that two parties have agreed to act in concert to achieve some stated economic objective. Such agreement, by itself, creates no more than a contractual obligation . . . .").

Here, ATA has failed to offer any evidence sufficient to establish a genuine factual dispute as to whether the parties intended to enter into a joint venture agreement. ATA offers no evidence of joint ownership or control of any property or financial resources and, while the parties risked losing their own individual expenses, in the absence of any evidence of each party's intent to "submit to the burden of making good the losses" of the other, "[a]n indispensable essential of a contract of partnership or joint venture," Dinaco, Inc. v. Time Warner, Inc., 346 F.3d 64, 68 (2d Cir. 2003) (citing Steinbeck,

4 N.Y.2d at 317), ATA cannot establish the existence a joint venture. See, e.g., Kidz Cloz, Inc., 320 F. Supp. 2d at 175.

ATA further contends that Defendants have admitted, presumably thorough emails submitted to the Court on this motion, the existence of the agreement and its obligations to pay ATA some percentage of its commissions, rendering the Statute of Frauds inapplicable. See, e.g., Dzek v. Desco Vitroglaze of Schenectady Inc., 727 N.Y.S.2d 814, 816 (App. Div. 2001) ("[A] party's admission to the essential terms and actual existence of the alleged oral contract is sufficient to take the agreement outside the scope of the Statute of Frauds."). However, here, unlike the cases cited by ATA, in neither their answer to the complaint nor the evidence submitted on the instant motion did the Defendants admit to the existence or essential terms of the indefinite agreement alleged by ATA in the Seventh through Twelfth causes of action.

Therefore, as the allegations contained therein are barred by the Statute of Frauds, the Seventh through Twelfth causes of action are dismissed.

## The Existence of Material Factual Disputes Precludes Summary Judgment on the First through Sixth Causes of Action

The submissions on this motion have established that there are material factual disputes with respect to any oral agreement between the parties regarding commissions earned for booking acts at the ThisDay Festival. According to ATA, certain emails demonstrate agreement on this issue, a contention challenged by Defendants.

As the existence of material facts in dispute bars summary judgment, Defendants' motion is denied with regard to the First through Sixth Causes of Action. See, e.g., Eisenberg & Levi v. Montague & Co., No. 90 Civ. 8201 (CES), 1991 U.S. Dist. LEXIS 11627, at *5-6 (S.D.N.Y. Aug. 22, 1991) ("Where reasonable minds could differ as to the inferences to be drawn from the evidence regarding the intention of the parties, then material questions of fact exist precluding summary judgment."); see also Schwabenbauer v. Board of Educ., 667 F.2d 305, 313 (2d Cir. 1981) ("Not only must there be no genuine issue as to the evidentiary facts, but there must be no controversy as to the inference drawn from them.").

## ATA's Motion to Amend is Granted

After being served with a responsive pleading, a party may amend its complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend a complaint pursuant to Rule 15 should not be denied unless there is evidence of undue delay, futility, bad faith, or undue prejudice to the non-movant. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Where a cross-motion to amend the complaint is brought in response to a motion for summary judgment, even if the amended complaint would state a valid claim on its face, the court may deny the amendment as futile when the evidence in support of the plaintiff's proposed new claim creates no triable issue of fact and the defendant would be entitled to judgment as a matter of law under Fed. R. Civ. P. 56(c). Milanese v. Rust-Oleum Corp, 244 F.3d 104, 110 (2d Cir. 2001); see also Azurite Corp. Ltd. v. Amster & Co., 844 F. Supp. 929, 939 (S.D.N.Y. 1994), aff'd 52 F.3d 15 (2d Cir. 1995).

Although ATA has not provided the Court with a copy of its proposed amended complaint, it has requested leave to amend its complaint "to conform to the facts as set forth in the Seitz

Affidavit and the documents submitted in the record on this motion." Pl.'s Mem. in Opp. at 24. As discovery has not yet commenced in this action and the Court cannot say that any such amendment would be futile, ATA's motion for leave to amend is granted.

**Conclusion**

For the reasons set forth above, Defendants' motion for summary judgment is granted as to the Seventh through Twelfth Causes of Action and denied as to the First through Sixth Causes of Action. ATA's motion to amend its complaint is granted.

The parties will meet and confer on a discovery schedule.

It is so ordered.

**New York, N.Y.**
**September 5, 2008**

**ROBERT W. SWEET**
**U.S.D.J.**